**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**SANTO SCIGLITANO** :
232 Washington Avenue :
Richland, NJ 08350 :
:
:
:
-Vs.- :
: No.
**TRANSWALL OFFICE SYSTEMS, INC.** :
1220 Wilson Drive
West Chester, PA19380 :
-AND-
**CODEPECO ASSOCIATES**
235 Chester Road
Devon, PA 19333
-AND-
**CODEPECO PROPERTIES, LLC**
235 Chester Road
Devon, PA 19333

## COMPLAINT – CIVIL ACTION

Plaintiff Santo Sciglitano, by and through his attorneys, files this Complaint against Defendants Transwall Office Systems, Inc., Codepeco Associates, and Codepeco Properties, LLC, and avers as follow:

## I. PARTIES

1. Plaintiff Santo Sciglitano ("Plaintiff") is a natural person domiciled in New Jersey and is therefore a citizen of New Jersey for purposes of 28 U.S.C. § 1332.

2. At all relevant times, Plaintiff was employed as an HVAC technician by Wilgro Services, Inc. ("Wilgro"). Wilgro is not a defendant in this action.

3. Defendant Transwall Office Systems, Inc. ("Transwall") is a Pennsylvania corporation incorporated under the laws of Pennsylvania, with its principal place of business at 1220 Wilson Drive, West Chester, Pennsylvania 19380. Transwall is therefore a citizen of Pennsylvania under 28 U.S.C. § 1332(c)(1).

4. At all relevant times, Transwall occupied, possessed, operated, managed, maintained, and/or controlled the commercial premises located at 1220 Wilson Drive, West Chester, Chester County, Pennsylvania (the "Premises"), including the building roof and the area surrounding the rooftop HVAC equipment.

**5.** Defendant Codepeco Associates ("Codepeco Associates") is an active Pennsylvania domestic limited partnership with its principal and registered office at 235 Chester Road, Devon, Pennsylvania 19333.

**6.** The identities and citizenship of all partners of Codepeco Associates are not publicly available to Plaintiff despite reasonable pre-suit investigation. Upon information and belief, no partner of Codepeco Associates is a citizen of New Jersey.

**7.** At all relevant times, Codepeco Associates owned, leased, possessed, managed, maintained, and/or controlled the Premises, including the building roof and the area surrounding the rooftop HVAC equipment. In the alternative, Codepeco Associates retained contractual rights and responsibilities concerning the inspection, maintenance, repair, and safety of those areas.

**8.** Defendant Codepeco Properties, LLC ("Codepeco Properties") is an active Pennsylvania domestic limited liability company with its principal and registered office at 235 Chester Road, Devon, Pennsylvania 19333.

**9.** The identities and citizenship of all members of Codepeco Properties are not publicly available to Plaintiff despite reasonable pre-suit investigation. Upon information and belief, no member of Codepeco Properties is a citizen of New Jersey.

**10.** At all relevant times, Codepeco Properties owned, leased, possessed, managed, maintained, and/or controlled the Premises, including the building roof and the area surrounding the rooftop HVAC equipment. In the alternative, Codepeco Properties retained contractual rights and responsibilities concerning the inspection, maintenance, repair, and safety of those areas.

## II. JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of New Jersey, no Defendant is a citizen of New Jersey, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

12. The amount-in-controversy requirement is satisfied because Plaintiff sustained serious and permanent shoulder injuries, underwent two surgeries, incurred substantial medical expenses and wage loss, and claims future economic and noneconomic damages that, in good faith, exceed $75,000, exclusive of interest and costs.

13. This Court has personal jurisdiction over Defendants because they owned, occupied, possessed, operated, managed, maintained, and/or controlled the Premises in Pennsylvania, and the acts and omissions giving rise to this action occurred in Pennsylvania.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at the Premises in West Chester, Chester County, Pennsylvania, which lies within the Eastern District of Pennsylvania.

## III. FACTUAL ALLEGATIONS

15. On November 12, 2024, Plaintiff was acting in the course and scope of his employment with Wilgro and was lawfully present at the Premises to inspect, service, maintain, and/or repair rooftop HVAC equipment.

16. Plaintiff's presence on the roof, and his need to work immediately adjacent to the rooftop HVAC equipment, were authorized, invited, known, and/or reasonably foreseeable to Defendants.

17. The subject HVAC unit was positioned immediately adjacent to an irregular and hazardous roof configuration consisting of an abrupt change in elevation and a recessed, depressed, uneven, and/or deteriorated area that substantially reduced the safe working surface surrounding the unit (the "Rooftop Defect").



18. The Rooftop Defect substantially narrowed the level and safe working surface available to persons required to inspect, service, maintain, and repair the HVAC unit.

19. The location and configuration of the HVAC unit foreseeably required technicians to stand, turn, reposition themselves, and step backward while concentrating on the equipment and the work being performed.

20. While Plaintiff was performing his assigned HVAC work beside the unit, he stepped backward into and/or upon the depressed and uneven portion of the roof, lost his balance, and fell backward from the upper roof level onto the lower roof level, landing upon his left shoulder.

21. The Rooftop Defect was not adequately guarded, marked, barricaded, repaired, leveled, or accompanied by an adequate warning.

22. The Rooftop Defect was a fixed and enduring feature of the Premises and existed for a sufficient period of time that Defendants knew or, through the exercise of reasonable care and reasonable inspection, should have known of it.

23. Defendants knew or should have known that HVAC technicians and other workers would be required to work in the confined area immediately surrounding the unit and would be exposed to the Rooftop Defect.

24. Defendants had the authority and ability to inspect the roof, repair or eliminate the Rooftop Defect, reconfigure or relocate the equipment or working area, install an appropriate protective measure, restrict access, and/or provide an adequate warning.

25. Defendants failed to take reasonable measures to correct, guard, mark, barricade, or warn of the Rooftop Defect before Plaintiff's fall.

26. As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered serious and permanent injuries, including a substantial shoulder injury that required two surgical procedures, as well as associated pain, disability, wage loss, and other damages.

## COUNT I
## NEGLIGENCE
## PLAINTIFF, SANTO SCIGLITANO V. DEFENDANT TRANSWALL OFFICE SYSTEMS, INC.

27. Plaintiff incorporates Paragraphs 1 through 26 as though fully set forth herein.

28. As the occupant, possessor, operator, manager, and/or controller of the Premises, Transwall owed Plaintiff, a lawful business invitee and worker, a duty to exercise reasonable care to discover and remedy dangerous conditions, to maintain the roof and HVAC service area in a reasonably safe condition, and to warn of dangerous conditions that it knew or should have known existed.

29. Transwall, acting by and through its agents, employees, contractors, and/or representatives, breached its duties and was negligent in one or more of the following respects:
    a. failing to maintain the roof and the service area surrounding the HVAC equipment in a reasonably safe condition;
    b. creating, causing, permitting, and/or allowing the Rooftop Defect to exist and remain;
    c. placing, maintaining, and/or permitting the HVAC equipment to remain immediately adjacent to the Rooftop Defect without providing adequate safe working clearance;
    d. failing to provide a reasonably level, stable, unobstructed, and sufficiently wide working surface around equipment that required periodic service and maintenance;
    e. failing to conduct reasonable inspections of the roof and HVAC service area;
    f. failing to discover and correct the Rooftop Defect despite actual and/or constructive notice;
    g. failing to repair, level, cover, guard, barricade, mark, or otherwise make the Rooftop Defect safe;
    h. failing to provide Plaintiff with an adequate warning concerning the Rooftop Defect and confined working area;
    i. failing to coordinate with the property owner, property manager, roofer, HVAC contractor, and/or other responsible persons to eliminate or protect against the hazard;
    j. failing to exercise reasonable care for workers whom Transwall knew or should have known would service the rooftop equipment; and
    k. otherwise failing to exercise reasonable care under the circumstances.

30. Transwall's negligence was a factual and legal cause of Plaintiff's fall, injuries, and damages.

**WHEREFORE,** Plaintiff Santo Sciglitano respectfully requests judgment in his favor and against Defendant Transwall Office Systems, Inc., for compensatory damages exceeding $75,000, exclusive of interest and costs, together with taxable costs, delay damages to the extent available, and such other relief as the Court deems just and proper.

**COUNT II**
**NEGLIGENCE**
**PLAINTIFF SANTO SCIGLITANO V DEFENDANT CODEPECO ASSOCIATES**

31. Plaintiff incorporates Paragraphs 1 through 26 as though fully set forth herein.

32. As the owner, lessor, possessor, manager, maintainer, and/or controller of the Premises, or as an entity retaining responsibility for the roof, Codepeco owed Plaintiff a duty to exercise reasonable care to discover and remedy dangerous conditions, maintain the roof and HVAC service area in a reasonably safe condition, and warn of dangerous conditions that it knew or should have known existed.

33. Codepeco, acting by and through its agents, employees, contractors, and/or representatives, breached its duties and was negligent in one or more of the following respects:
    a. failing to maintain the roof and the service area surrounding the HVAC equipment in a reasonably safe condition;
    b. creating, causing, permitting, and/or allowing the Rooftop Defect to exist and remain;

c. placing, maintaining, and/or permitting the HVAC equipment to remain immediately adjacent to the Rooftop Defect without providing adequate safe working clearance;
d. failing to provide a reasonably level, stable, unobstructed, and sufficiently wide working surface around equipment that required periodic service and maintenance;
e. failing to conduct reasonable inspections of the roof and HVAC service area;
f. failing to discover and correct the Rooftop Defect despite actual and/or constructive notice;
g. failing to repair, level, cover, guard, barricade, mark, or otherwise make the Rooftop Defect safe;
h. failing to provide Plaintiff with an adequate warning concerning the Rooftop Defect and confined working area;
i. failing to coordinate with the property owner, property manager, roofer, HVAC contractor, and/or other responsible persons to eliminate or protect against the hazard;
j. failing to exercise reasonable care for workers whom Codepeco knew or should have known would service the rooftop equipment; and
k. otherwise failing to exercise reasonable care under the circumstances.

34. Codepeco's negligence was a factual and legal cause of Plaintiff's fall, injuries, and damages.

**DAMAGES**

35. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered and will continue to suffer one or more of the following injuries and losses:
a. serious and permanent physical injuries, including a shoulder injury requiring two surgeries;
b. past and future physical pain, suffering, inconvenience, embarrassment, mental anguish, and emotional distress;
c. past and future loss of life's pleasures and enjoyment;
d. scarring, disfigurement, weakness, restricted motion, and impaired physical function;
e. past and future medical, hospital, surgical, rehabilitation, therapy, medication, and related expenses, to the extent recoverable by law;
f. past and future lost wages, earnings, benefits, and earning capacity;
g. past and future inability or diminished ability to perform occupational, household, recreational, and daily activities; and
h. all other compensatory damages recoverable under Pennsylvania law.

WHEREFORE, Plaintiff Santo Sciglitano requests judgment in his favor and against Defendant Codepeco Associates, for compensatory damages exceeding $75,000, exclusive of interest and costs, together with taxable costs, delay damages to the extent available, and such other relief as the Court deems just and proper.

**COUNT III**
**NEGLIGENCE**
**PLAINTIFF SANTO SCIGLITANO V DEFENDANT CODEPECO PROPERTIES, LLC**

36. Plaintiff incorporates Paragraphs 1 through 26 as though fully set forth herein.

37. As the owner, lessor, possessor, manager, maintainer, and/or controller of the Premises, or as an entity retaining responsibility for the roof, Codepeco Properties, LLC owed Plaintiff a duty to exercise reasonable care to discover and remedy dangerous conditions, maintain the roof and HVAC service area in a reasonably safe condition, and warn of dangerous conditions that it knew or should have known existed.

38. Codepeco Properties, LLC acting by and through its agents, employees, contractors, and/or representatives, breached its duties and was negligent in one or more of the following respects:
   a. failing to maintain the roof and the service area surrounding the HVAC equipment in a reasonably safe condition;
   b. creating, causing, permitting, and/or allowing the Rooftop Defect to exist and remain;
   c. placing, maintaining, and/or permitting the HVAC equipment to remain immediately adjacent to the Rooftop Defect without providing adequate safe working clearance;
   d. failing to provide a reasonably level, stable, unobstructed, and sufficiently wide working surface around equipment that required periodic service and maintenance;
   e. failing to conduct reasonable inspections of the roof and HVAC service area;
   f. failing to discover and correct the Rooftop Defect despite actual and/or constructive notice;
   g. failing to repair, level, cover, guard, barricade, mark, or otherwise make the Rooftop Defect safe;
   h. failing to provide Plaintiff with an adequate warning concerning the Rooftop Defect and confined working area;
   i. failing to coordinate with the property owner, property manager, roofer, HVAC contractor, and/or other responsible persons to eliminate or protect against the hazard;
   j. failing to exercise reasonable care for workers whom Codepeco Properties knew or should have known would service the rooftop equipment; and
   k. otherwise failing to exercise reasonable care under the circumstances.

39. Codepeco Properties, LLC's negligence was a factual and legal cause of Plaintiff's fall, injuries, and damages.

**DAMAGES**

40. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered and will continue to suffer one or more of the following injuries and losses:
   a. serious and permanent physical injuries, including a shoulder injury requiring two surgeries;
   b. past and future physical pain, suffering, inconvenience, embarrassment, mental anguish, and emotional distress;
   c. past and future loss of life's pleasures and enjoyment;
   d. scarring, disfigurement, weakness, restricted motion, and impaired physical function;
   e. past and future medical, hospital, surgical, rehabilitation, therapy, medication, and related expenses, to the extent recoverable by law;
   f. past and future lost wages, earnings, benefits, and earning capacity;

g. past and future inability or diminished ability to perform occupational, household, recreational, and daily activities; and
h. all other compensatory damages recoverable under Pennsylvania law.

WHEREFORE, Plaintiff Santo Sciglitano requests judgment in his favor and against Defendant, Codepeco Properties, LLC, jointly and/or severally to the extent permitted by law, for compensatory damages in an amount exceeding $75,000, exclusive of interest and costs, together with taxable costs, delay damages to the extent available, and such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38.

RODDEN RODDEN & BRESLIN

*David Brian Rodden*

David Brian Rodden, Esquire
125 North 20th Street
Philadelphia, PA 19103
(215) 940-2155
dbresq@gmail.com
Attorney for Plaintiff

Dated: September 9, 2026

**VERIFICATION**

The undersigned, subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities, hereby verifies and states that he/she is a Plaintiff herein, and that the facts set forth in the foregoing document are true and correct to the best of his/her knowledge, information and belief. I am further relying upon the investigation of my attorneys and that some of the averments and answers are those of counsel

SIGNED: ______________________________